UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHAD HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-2647 |
| | ) |
| CITY OF CARMEL, INDIANA, | ) |
| DAVID HABOUSH, in his individual | ) |
| capacity, and MARK GUGEL, in his | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Chad Hughes ("Hughes"), brings this action against Defendants, City of Carmel, Indiana ("Carmel"), David Haboush ("Haboush"), in his individual capacity, and Mark Gugel ("Gugel"), in his individual capacity (collectively "Defendants"), for discriminating against him because of his age and retaliating against him, in violation of his rights under the Fourteenth Amendment to the United States Constitution.

## PARTIES

2. Hughes has at all times relevant to this action resided within the Southern District of Indiana.

3. Carmel is a political subdivision located in the Southern District of Indiana.

4. Haboush at all relevant times has been Chief of the Carmel Fire Department, and is sued in his individual capacity.

5. Gugel at all relevant times has been Deputy Chief of the Carmel Fire Department, and is sued in his individual capacity.

-1-

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Hughes's claims pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court because all events, transactions, and occurrences relevant to this action occurred in Hamilton County, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

8. Hughes is forty-nine (49) years old.

9. Carmel hired Hughes as a firefighter in its Fire Department ("CFD") in or around February 1995.

10. At all relevant times, Hughes's rank in the CFD has been Captain.

11. At all relevant times, Hughes's work performance met Defendants' reasonable expectations.

12. At all relevant times, Haboush has been Chief of the CFD.

13. At all relevant times, Gugel has been Deputy Chief for finance and administration in the CFD.

14. Haboush and/or Gugel are the final decision-makers for the CFD with respect to disciplinary actions against members of the CFD that are not within the jurisdiction of the merit board under Ind. Code § 36-8-3-4.

15. During the year 2018, Hughes raised concerns about CFD practices and policies, contending that certain policies discriminated against older CFD officers.

16. On August 24, 2018, Hughes was issued a 24 hour suspension and barred from working overtime for 30 days.

17. After receiving this discipline, on or around October 29, 2018, Hughes filed a Charge of Discrimination with the EEOC (EEOC Charge #470-2019-00372), alleging that Carmel discriminated and retaliated against him in violation of the Age Discrimination in Employment Act in issuing the discipline.

18. Hughes's filing of the EEOC Charge alleging age discrimination and retaliation constituted protected activity.

19. On or around September 11, 2019, the EEOC issued a "Dismissal and Notice of Rights" on Charge #470-2019-00372, which provided Hughes with a deadline of on or around December 10, 2019, to file a lawsuit based on the claims based on the EEOC Charge.

20. Hughes did not file a lawsuit based on those allegations.

21. On January 8, 2020, Gugel presented Hughes with a disciplinary action arising from an incident that occurred on September 26, 2019.

22. Upon information and belief, and pursuant to CFD's policies and procedures, Haboush participated in the decision to issue this discipline to Hughes.

23. The discipline was allegedly based on a discussion that Hughes had with a subordinate officer, in which he referred to the subordinate as a "Junior Officer."

24. Hughes was suspended for 36 hours and barred from overtime for one year.

25. Overtime is a regular and expected part of CFD members' compensation.

26. It was common practice among members of the CFD (and written materials produced by CFD) to refer to officers lower on the chain of command as "Junior Officers."

27. Although the incident giving rise to the discipline occurred in September 2019, Defendants waited until January 2020, after Hughes could no longer bring a lawsuit under the ADEA based on his EEOC Charge, to issue the discipline.

28. Any reason given by Defendants for the adverse employment actions taken against Hughes is pretextual.

29. Defendants have accorded more favorable treatment to similarly-situated employees who are substantially younger than Hughes and/or who have not engaged in protected conduct. This includes, but not limited to, not disciplining other officers who referred to subordinate officers as "Junior Officers."

30. For example, Jason Wendzel, who is approximately 10 years younger than Hughes and has not engaged in protected conduct, has used the term "Junior Officer," including in training materials that he helped to prepare for the CFD, without suffering discipline.

31. Defendants took adverse employment action against Hughes because of his age and/or in retaliation for his protected conduct.

32. Defendants violated Hughes's rights as protected by the Fourteenth Amendment to the United States Constitution.

33. Hughes has suffered and continues to suffer injuries as a result of Defendants' unlawful actions.

### CAUSES OF ACTION

### COUNT I – AGE DISCRIMINATION – 42 U.S.C. § 1983

34. Hughes incorporates paragraphs 1-33 of his Complaint.

35. Defendants took adverse employment action against Hughes because of his age.

36. Defendants have accorded more favorable treatment to similarly-situated employees who are substantially younger than Hughes.

### COUNT II – RETALIATION – 42 U.S.C. § 1983

37. Hughes incorporates paragraphs 1-36 of his Complaint.

38. Defendants took adverse employment action against Hughes because of his protected conduct.

39. Defendants have accorded more favorable treatment to similarly-situated employees who have not engaged in protected conduct.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff Chad Hughes respectfully requests that the Court find for him and order that Defendant:

1.  Expunge the improper discipline issued to Hughes;

2.  Pay lost wages and benefits to Hughes;

3.  Pay compensatory, liquidated, and/or punitive damages to Hughes;

4.  Pay pre- and post-judgment interest to Hughes;

5.  Pay Hughes reasonable attorneys' fees and costs incurred in pursuing this matter; and

6.  Provide to Hughes all other legal and equitable relief that this Court determines appropriate to grant.

Respectfully submitted,

John H. Haskin, Atty. No. 7576-49
Samuel M. Adams, Atty. No. 28437-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570
Email:        jhaskin@jhaskinlaw.com
              sadams@jhaskinlaw.com
Attorneys for Plaintiff
Chad Hughes

-6-

## DEMAND FOR JURY TRIAL

Plaintiff, Chad Hughes, by counsel, demands a trial by jury on all issues so triable.

Respectfully submitted,

John H. Haskin, Atty. No. 7576-49
Samuel M. Adams, Atty. No. 28437-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570
Email:        jhaskin@jhaskinlaw.com
              sadams@jhaskinlaw.com
Attorneys for Plaintiff
Chad Hughes